UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRA JEROME ROSS,<br><br>       Plaintiff,<br><br>   v.<br><br>TIM COOK, et al.,<br><br>       Defendants. | Case No. 22-00832 BLF<br><br>**ORDER OF DISMISSAL** |

       On January 31, 2022, Plaintiff, proceeding *pro se*, filed a handwritten document which was construed as an attempt to file a civil rights action pursuant to 42 U.S.C. § 1983.[1]  Dkt. No. 1.  On the same day, the Clerk sent Plaintiff a notice informing Plaintiff that he needed to either pay the filing fee or file an *In Forma Pauperis* ("IFP") application within twenty-eight days to avoid dismissal.  Dkt. No. 3.  The deadline has passed, and Plaintiff has failed to file an IFP application or pay the filing fee.  Accordingly, the matter is subject to dismissal for failure to pay the filing fee.

       Plaintiff has filed several letters stating that the matter is a "criminal complaint" to

---

[1] This matter was reassigned to this Court on March 1, 2022, after Plaintiff failed to file consent to magistrate judge jurisdiction.  Dkt. Nos. 4, 5, 6.

report federal crimes, and that he wishes the matter be filed in criminal court.  Dkt. Nos. 7, 8.  According to the complaint, Plaintiff claims Tim Cook and the Board of Directors of Apple, Inc., are responsible for theft of intellectual property, in violation of 18 U.S.C. § 641.  Dkt. No. 1 at 3.  Plaintiff is advised that the decision to file or bring criminal charges generally rests in the prosecutor's discretion, not the court.  *United States v. Batchelder*, 442 U.S. 114, 124 (1979).  Criminal statutes generally do not provide a private cause of action or basis for civil penalties or liability.  *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (18 U.S.C. §§ 241, 242 provide no private right of action and cannot form basis for civil suit); *Pawelek v. Paramount Studios Corp.*, 571 F. Supp. 1082, 1083 (N.D. Ill. 1983) (no private cause of action inherent in federal criminal statutes defining civil rights violations).  Therefore, this action must be also dismissed for failure to state a cognizable claim.

Because Plaintiff has not paid the filing fee and the complaint does not state a cognizable claim, this action is **DISMISSED**.

The Clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

Dated:  \_**March 28, 2022**\_\_\_\_

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge

Order of Dismissal
P:\PRO-SE\BLF\CR.22\00832Ross_dis-ifp

2